UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Barry Beecroft, on behalf of himself and all others similarly situated,<br>          Plaintiff,<br><br>v.<br><br>Comenity Bank,<br>Comenity Servicing, LLC,<br>          Defendants. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For his Class Action Complaint, Plaintiff Barry Beecroft states the following:

**INTRODUCTION**

1. This is a class action for damages and injunctive relief brought by Barry Beecroft, on behalf of himself and all others similarly situated, against Comenity Bank and Comenity Servicing LLC (collectively, "Comenity") for violations of the Telephone Consumer Protection Act, 15 U.S.C. §227 *et seq*. ("TCPA").

2. Defendants repeatedly called Plaintiff using an automatic telephone dialing system, in attempts to collect a debt allegedly owed by Plaintiff's wife's estranged former husband's mother. Comenity knew Plaintiff was not the proper debtor but called anyway.

3. Given the numerous calls to Plaintiff, it is no wonder Defendants make more than 1,500,000 calls *per day* using their automatic telephone dialing system. Exhibit A.

4.      This case challenges Defendants' practice of making automated or prerecorded calls to the cell phones of people who, like Plaintiff, did not consent to receive them.

## JURISDICTION

5.      Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

6.      Venue is proper in this district because the relevant acts and transactions occurred within Minnesota, Plaintiff resides within Minnesota and Defendants transact business within Minnesota.

## PARTIES

7.      Plaintiff, Barry Beecroft, is a natural person residing in the City of Belgrade, County of Stearns and State of Minnesota.

8.      Defendant Comenity Bank is incorporated at One Righter Parkway, Suite 100, Wilmington, DE 19803. Its headquarters are in Plano, Texas. Comenity Bank is a large credit card company, which solicits and issues store-branded credit cards to consumers throughout the United States, including thousands of consumers residing in Minnesota.

9.      Defendant Comenity Servicing, LLC, is an entity that services loans and makes automated calls on behalf of Comenity Bank. Its headquarters are in Columbus, Ohio.

## FACTS

10.     On September 13, 2018, at 8:56 a.m. CDT, Defendants called Plaintiff's cell phone using an automatic telephone dialing system using Columbus, Ohio-based

caller ID 614-754-4060, which is assigned to and used by Defendants. Comenity left the following voice message:

> "This very important message is for Barry Beecroft. Barry, my name is Julie Marrow. I'm trying to reach you or your wife, Tracee, ah, to get a message to Barbara Evenson. If one of you could return my call, the number to my office, today until eight p.m. Eastern, is 855-334-4198. My extension is 1266255."

11. On September 14, 2018, at 8:16 a.m. CDT, Defendants called Plaintiff's cell phone using an automatic telephone dialing system from the same caller ID.

12. On September 15, 2018, at 11:07 a.m. CDT, Defendants again called Plaintiff's cell phone using an automatic telephone dialing system, and left the following voice message:

> "Barbara Evenson. Barbara, this is Ms. Meyer. I'm contacting you regarding an escalated matter that was sent to my office today as an extremely urgent personal business matter that was placed on my desk for immediate review. After several unsuccessful attempts to reach you regarding this urgent matter I am assuming that you are ignoring this matter and  have no [inaudible] to provide a voluntary resolution. I am recommending you to contact me directly at my office at 855-334-4198, with a direct extension being 1266201. To discuss options that are available for you while I still have an opportunity. I need to hear back from you today before this matter could possibly escalate up with my [inaudible] today and I am no longer able to assist you. The call is being documented to show that I have tried to contact you and reach out to you again today. Again, that number is 855-334-4198, with the direct extension being 1266201."

13. On September 29, 2018, at 11:22 a.m. CDT, Defendant made a phone call to Plaintiff's cell phone using an automatic telephone dialing system, again from 614-754-4059. Comenity left the following message:

> "Hello, this message is for Barbara. My name is special . I'm calling from Comenity Bank in reference [inaudible] business."

3

14. On October 1, 2018, at 12:51 p.m. CDT, Defendants called Plaintiff's cellular telephone using an automatic telephone dialing system, this time from phone number 913-312-9490, which is assigned and used by Defendants.

15. On October 5, 2018, at 9:29 a.m. and 9:31 a.m. CDT, Comenity called Plaintiff's cellular telephone using an automatic telephone dialing system from 720-456-3684.

16. On October 6, 2018, at 9:51 a.m. CDT, Comenity called Plaintiff's cellular telephone using an automatic telephone dialing system again from 720-456-3684. The agent left the following voice message:

> "This very important message is only intended for Ms. Barbara Evenson. This is specialist [Inaudible], representing Comenity Bank. Your personal business matter has now been escalated to my office for further handling. I've been carefully reviewing your person business matter. You have not made an attempt to contact my office to resolve this voluntarily. It is imperative that I do speak with you or your representing attorney by 3:00 p.m. Eastern standard time today. My direct office number is 1-800-695-2912, at the extension 1226438."

17. Each of the preceding phone calls made by Defendant to Plaintiff were an attempt to collect a consumer debt owed by Barbara Evenson.

18. Some of Comenity's calls to Plaintiff's cell phone employed messages that had been recorded ahead of time, and then played when the voice mail picked up.

19. Barbara Evenson is the Plaintiff's wife, Tracee Beecroft's, estranged former husband's mother. Plaintiff's wife divorced her former husband 20 years ago and has not had contact with him or his mother in 20 years.

20. Plaintiff does not owe Defendant any money. Plaintiff does not have an account with Defendant.

21. Comenity obtained Plaintiff's cell phone number from a skip trace, from the Internet or some source other than Plaintiff.

22. Plaintiff did not consent to receive phone calls from Comenity.

23. Defendant Comenity Servicing, LLC made the calls that are the subject of this case, under the direction, supervision and control of Comenity Bank. Moreover, Comenity Bank accepted the benefits of the calls with full knowledge of what Comenity Servicing LLC was doing, and that it was illegal.

24. The telephone system used to call Plaintiff and the class was an Avaya autodialing system, which Comenity has previously *stipulated* constitutes an automatic telephone dialing system. Schweitzer v. Comenity Bank, 158 F. Supp. 3d 1312, 1313 (S.D. Fla. 2016), rev'd and remanded, 866 F.3d 1273 (11th Cir. 2017)

25. The Plaintiff and class were damaged by Defendants' illegal calls. They deprived Plaintiff of the use of his phone during the times of the calls, caused them to waste time attending to improper voice mails, depleted the battery life of his cell phone, caused annoyance, frustration and anger, and invaded their personal privacy and seclusion on a mass scale. These are the harms that Congress sought to prevent by enacting the TCPA.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)(1)

5

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

28. Within the four-year period immediately preceding this action, Defendants made thousands of phone calls to the Plaintiff and class members' cellular telephones using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

29. Defendants did not have the prior express consent of Plaintiff or the class members to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

30. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff and the class members are entitled to statutory damages under the TCPA of $500 per violation.

31. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff and class members are entitled to $1,500 per violation , pursuant to the 47 U.S.C. Section 227(b)(3).

32. Defendants are TCPA violation recidivists, and it is clear that money damages are insufficient to wrench compliance. Plaintiff and the class therefore seek injunctive relief prohibiting Defendants from contacting the Plaintiff and the class

members on their cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a), unless it has prior express written consent.

### CLASS ALLEGATIONS

33. Plaintiff brings Count I on behalf of a class, which consists of:

All persons who either defendant (or some person on its behalf) called on their cell phone using the same or similar equipment used to call Plaintiff and/or a prerecorded voice, where the defendant obtained the phone number from some source other than from the called party, where any call was made between and including a date four years prior to the filing of this Complaint up to and including the date of class certification.

34. Defendant called more than 1,000 cell phone numbers during 2016 - 2017 using the same equipment used to call Plaintiff, where the phone number was obtained the from some source other than from the call recipient.

35. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendants used an automatic telephone dialing system as that term is used in the TCPA;

   b. Whether defendants used artificial or prerecorded messages as those terms are used in the TCPA;

   c. Whether defendants had consent to call cell phone numbers, if those phone numbers were not provided to them by call recipients; and

   d. Damages, including whether the violation was willful.

36. Plaintiff will fairly and adequately protect the interests of the class.

Plaintiff has no interests that might conflict with the interests of the class. Plaintiff is interested in pursuing his claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

37. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

38. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

39. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

40. The identity of the class is likely readily identifiable from defendant's records.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**TRIAL BY JURY**

42. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7, Fed. R. Civ. P. 38.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of herself and the class and against Defendants that provides the following relief:

a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

b. A permanent injunction prohibiting defendants from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message, unless they first document prior express written consent;

c. A declaration that defendants, and each of them, used an automatic telephone dialing system, and violated the TCPA in calling plaintiff and the class; and

d. Any other relief the Court finds just and proper.

                                    **HEANEY LAW FIRM, LLC**

Date: **October 11, 2018**        */s/ Mark L. Heaney*
                                              Mark L. Heaney
                                              (MN #333219, AZ #022492)
                                              601 Carlson Parkway, Suite 1050
                                              Minnetonka, MN 55305
                                              Tel: (952) 933-9655
                                              Fax: (952) 544-1308
                                              mark@heaneylaw.com

                                              ***Attorney for Plaintiff Barry Beecroft***